**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRETT NYE, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:16-cv-00702-RFB-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BURBERRY LIMITED, ) | |
| ) | |
| Defendant. ) | |

Presently before the Court is Defendant Burberry Limited's Motion to Stay Discovery (ECF No. 21), supported by the Declaration of Zachary Scott (ECF No. 22), filed on June 17, 2016.  Plaintiff Brett Nye filed a response (ECF No. 27) on June 28, 2016.  Defendant filed a reply (ECF No. 29) on July 8, 2016.

**I.    BACKGROUND**

This action arises from a dispute regarding alleged non-payment of overtime wages. Plaintiff worked as an hourly, non-exempt employee at two of Defendant's Las Vegas-area stores until 2014.  (Compl. (ECF No. 1) at ¶¶ 11, 13.)  Plaintiff alleges that, during his period of employment, Defendant failed to pay employees overtime for weeks when they worked more than forty hours.  (*Id.* at ¶¶ 15, 21.)  Plaintiff also claims that Defendant failed to pay for all straight time worked.  (*Id.* at ¶ 15.)  He further alleges that Defendant substituted "comp" time in the form of future time off for overtime wages.  (*Id.* at ¶ 20.)  Finally, Plaintiff claims that Defendant improperly calculated employees' overtime-wage rate because it excluded bonus or incentive pay from these calculations.  (*Id.* at ¶¶ 23, 25.)  Plaintiff brought suit against Defendant, alleging collective-action claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 207, for failure to pay minimum and overtime wages (Claim One).  (*Id.* at ¶¶ 46-50.)  Plaintiff also alleged

Nevada state law class-action claims to recover wages, overtime wages, and unpaid wages due at termination or resignation (Claims Two and Three).  (*Id.* at ¶¶ 51-57.)

Defendant moved to dismiss, arguing Plaintiff has failed to allege facts sufficient to state valid state or federal claims.  (Mot. to Dismiss (ECF No. 7) at 4.)  Specifically, Defendant argues that Plaintiff provides no details demonstrating that he "suffered wage and hour violations."  (*Id.* at 6.)  Defendant quotes the Ninth Circuit in *Landers*, which, at a minimum, requires Plaintiff to allege that he worked more than forty hours "in a given workweek" without receiving pay for the overtime hours he worked.  *Landers v. Quality Communs., Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2015).  Defendant further argues there is no private right of action for Plaintiff's state law claims.  (*Id.* at 9.)

Plaintiff responds that the pleading requirements articulated in *Landers* are "rigidly harsh and inconsistent with *Iqbal* and *Twombly*."  (Opp. to Mot. to Dismiss (ECF No. 12) at 11.)  Plaintiff argues that the information regarding the hours he worked is in Defendant's control.  (*Id.* at 4-5.)  Plaintiff argues nonetheless that his allegations satisfy the *Landers* standard.  (*Id.* at 15.)  Plaintiff further responds that there is a private right of action for his Nevada state law claims.  (*Id.* at 10.)

Defendant now moves to stay discovery pending the outcome of the motion to dismiss, arguing that the motion is case-dispositive and that discovery is therefore unnecessary.  (Mot. to Stay Discovery (ECF No. 21) at 3.)  Plaintiff responds that Defendant's motion is not dispositive of the entire case because it does not raise a threshold issue such as jurisdiction, venue, or immunity.  (Opp. to Mot. to Stay Discovery (ECF No. 27) at 7.)  He also claims that a stay would impair his ability to contact potential class members.  (*Id.* at 6.)  Finally, he argues that under a Rule 12(b)(6) *Twombly* challenge to the sufficiency of the complaint's allegations, the court cannot be convinced that Plaintiff will be unable to state a claim.  (*Id.* at 8.)

II.     **ANALYSIS**

Courts have broad discretionary power to control discovery, including the decision to stay discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil

Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* A court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Turner*, 175 F.R.D. at 555. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* at 556 (quotation omitted).

The court now takes a "preliminary peek" at the merits of Defendant's motion to dismiss to determine whether it is potentially dispositive of the entire case and whether the motion to dismiss can be decided without additional discovery.

### A.   Failure to State a Claim Under FLSA

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When pleading facts that do no more than infer the possibility of misconduct, a complaint has alleged, but not shown, that the plaintiff is

3

entitled to relief. *Id.* at 679. Properly pled allegations contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555. While courts must accept as true all factual allegations in a complaint, legal conclusions do not receive the same treatment, even if couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In *Landers*, a case factually similar to this case, the plaintiff alleged his former employer's compensation scheme deprived him of overtime payments to which he was entitled, resulting in violations of the FLSA. *Id.* at 645. Landers described a "de facto 'piecework no overtime' system" whereby the employers paid employees for each piece of work they performed rather than paying time and one-half of employees' hourly rate for hours worked in excess of forty per week. *Id.* He also detailed a system that paid some measure of overtime but failed to pay overtime based on earnings derived from "piecework." *Id.* He further alleged that the defendant failed to pay all overtime earned even for employees not impacted by the "piecework" system. *Id.* His description of the compensation scheme itself was relatively detailed, yet the court found that his allegations failed because he offered no details describing a given workweek when Landers himself "worked in excess of forty hours and was not paid overtime for that given workweek . . . ." *Id.* at 646. The court held that "Landers failed to state a plausible claim for relief under the FLSA." *Id.*

Several other District of Nevada cases decided after *Landers* resulted in similar holdings. Employees were required to work 115 minutes beyond each of their scheduled eight-hour shifts. *Levert v. Trump Ruffin Tower I, LLC*, No. 2:14-cv-01009-RCJ-CWH, 2015 WL 133792, at *5 (D. Nev. Jan. 9, 2015). However, the court rejected their claims because plaintiffs failed to allege that they were ever required to work five days per week, and thus the court was unable to infer that the employees worked greater than forty hours in any given workweek. *Id.* Moreover, an employee's conclusory allegation that she "routinely" worked more than forty hours per week did not meet the pleading standard. *Johnson v. Pink Spot Vapors Inc.*, No. 2:14-cv-01960 JCM-GWF, 2015 WL 433503, at *4 (D. Nev. Feb. 3, 2015). Similarly, employees' allegations fell short of the pleading standard when they claimed merely that their employer "instituted 'uniform policies and practices' that . . . 'fail[ed] to pay overtime hours' when employees worked 'more than forty . . . hours per week.'" *Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-cv-00298-APG-PAL, 2016 WL 4157309, at

*2 (D. Nev. Aug. 3, 2016).

Here, like the plaintiff in *Landers*, Plaintiff's complaint describes Defendant's compensation policy in some detail but fails to allege any facts that demonstrate that he worked more than forty hours in a given week without overtime compensation. He alleges: (1) Defendant subjected its employees to policies and practices that required them to work without compensation for all time worked, both straight time and overtime (Compl. (ECF No. 1) at ¶¶ 14–15); (2) Defendant "often compensated its employees at their regular rate of pay for hours worked in excess of [forty] hours in any workweek," instead of the state- and federally mandated one and one-half times their regular rate of pay (*Id.* at ¶¶ 21–22); (3) Defendant provided "comp" time in lieu of overtime, routinely requiring employees to accept future time off in place of overtime wages when they worked more than forty hours per week (*Id.* at ¶ 20); and (4) Defendant failed to account for "bonus" pay when calculating overtime pay. (*Id.* at ¶ 25.)

Plaintiff asks the court to infer from his description of Defendant's compensation practices that employees worked over forty hours per week. However, like in *Pink Spot Vapors* and *Small*, Plaintiff's conclusory allegations that Defendant had a routine practice of substituting comp time for overtime fails to bridge that factual gap. Plaintiff argues based on *Levert* that failure to allege a specific workweek when an employer did not pay overtime for work hours in excess of forty per week is not fatal to a plaintiff's claim. It is true that *Landers* does not require that plaintiffs allege a *specific* workweek during which they worked more than forty hours and did not receive overtime pay. However, *Landers* does require Plaintiff to allege at least that he worked more than forty hours in a *given* workweek without receiving overtime pay. Here, Plaintiff fails to make that minimal claim. Allegations that merely raise the possibility of undercompensation fail to rise to the plausibility standard. *Iqbal*, 556 U.S. at 678; *Landers*, 771 F.3d at 646.

Plaintiff also fails to plead facts sufficient to state a claim for minimum wage violations. Plaintiff pleads his overtime and minimum-wage claims together and offers the same conclusory allegations for both. (Compl. at 10.) If no plausible claim for overtime or minimum wage violations exists, then Plaintiff will have no resulting claim for unpaid wages. Thus, the court finds that Defendant's motion to dismiss is potentially dispositive as to Plaintiff's overtime and

minimum wage claims.  The court further finds that Plaintiff can make his allegations as to those claims without resort to further discovery.  *Landers,* 771 F.3d at 643 ("[P]laintiffs [may] draw on their memory and personal experience to develop [sufficiently specific] factual allegations . . . ." (citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013))).

### B. Private Right of Action Under Nevada Law

Defendant argues that Plaintiff's state law claims fail because the underlying statutes do not provide a private right of action.  Defendant cites federal district court cases and one Nevada Supreme Court case that hold that N.R.S. § 608.018 does not provide a private right of action.  Plaintiff responds that Judge Boulware will likely deny Defendant's motion as to this issue because he has previously commented there should be a private right of action under these statutes.  (Opp. to Mot. to Stay Discovery at 6.)  Moreover, at least one other court in this district held that a private right of action exists.  *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp.2d 1215, 1218 (D. Nev. 2011).  This opinion split introduces at least some uncertainty as to whether Defendant's motion is dispositive of Plaintiff's entire case.

Furthermore, it is important to note that, even if Defendant's motion to dismiss is granted, Plaintiff is likely to be given leave to file an amended complaint to cure the defects in his initial pleading.  Plaintiff could easily amend his complaint to meet the rather lenient standard articulated in *Landers*.  On the other hand, the standard required to stay discovery is a stringent one.  Discovery would be unnecessarily delayed in too many cases if courts applied a lenient standard in staying all discovery while awaiting resolution of pending motions.  *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216 at *3.  The court must be convinced that Defendant's motion to dismiss will succeed, and the court is not convinced in this case.  The court therefore will deny Defendant's motion to stay discovery.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Burberry Limited's Motion to Stay Discovery (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer and file a stipulated discovery plan within 21 days from the date of this order.

1     IT IS FURTHER ORDERED that Plaintiff Brett Nye's proposed discovery plan and scheduling order (ECF No. 35) is DENIED as moot.

DATED: October 21, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**