UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT NYE,<br><br>              Plaintiff,<br><br>       v.<br><br>BURBERRY LIMITED,<br><br>              Defendant. | Case No. 2:16-cv-00702-RFB-CWH<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I.   INTRODUCTION

Before the Court for consideration is Defendant Burberry Limited's Motion to Dismiss. ECF No. 7. Plaintiff Brett Nye is asserting a class and collective action on behalf of all former and current nonexempt, hourly employees who worked for Defendant in the last three years. Plaintiff pleads three causes of action in his complaint: 1) violations of 29 U.S.C. §§ 206, 207 of the Fair Labor Standards Act ("FLSA") for failure to pay minimum wages and overtime; 2) violations of N.R.S 608.018, 608.125, 608.260 for failure to pay minimum wages and overtime; 3) violations of N.R.S 608.040, 608.050 for failure to timely pay wages.

## II.   BACKGROUND

Plaintiff alleges the following facts in his Complaint filed on March 30, 2016. ECF No. 1.

Plaintiff worked for Defendant during the relevant time periods in this case. Defendant is an employer doing business in the State of Nevada, including Clark County. Defendant's stores in this case were located at The Forum Shops at Caesars and The Shoppes at the Palazzo. Plaintiff worked at these locations until 2014 and was paid hourly. Employees such as Plaintiff are nonexempt hourly employees, entitled to overtime pay. All employees were subject to the same

job duties and descriptions. All employees were subject to identical or nearly-identical policies and procedures related to employee compensation.

Defendant's policy and practice is to deny earned wages, including overtime pay, to its hourly employees. Defendant requires employees to perform work in excess of forty hours per week, but fails to pay them overtime at the rate of time and one-half, and also fails to pay for straight time worked. Throughout the relevant period, Defendant had a practice of substituting comp time to pay employees, rather than paying overtime wages when employees worked in excess of forty hours per week. Comp time is future time off that a given employee may have that pays at their regular hourly rate. Managers and other supervisors required employees to accept this practice, rather than receiving overtime wages. This resulted in employees receiving their normal rate of pay for time worked in excess of forty hours.

Further, Defendant also had a compensation structure that included non-discretionary bonus pay or "incentive" pay. There were times where Plaintiff worked in excess of forty hours during pay periods in which he earned bonus or "incentive" pay. Additionally, Defendant used a centralized time keeping system to record employee hours. Defendant engaged in systematic and uniform time-keeping practices that were unfair and deceptive. Defendant failed to pay minimum wage and overtime compensation, and failed to keep accurate time records, so that it could save payroll costs.

### III.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether he or she may offer evidence to support those claims. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

### IV. DISCUSSION

Defendant seeks dismissal of all three causes of action in Plaintiff's Complaint arguing that Plaintiff fails to state plausible FLSA claims, and that Nevada law does not provide a private right of action for Plaintiff's state law claims.

### A. FLSA and State Law Minimum Wage Claims (Claims I and II)

Defendant argues that Plaintiff earned well above the minimum wage required under FLSA. Plaintiff does not contest this argument. Defendant also argues that Plaintiff's state law minimum wage claims should be dismissed for the same reasons as his FLSA minimum wage claims. However, Plaintiff argues that Nevada law minimum wage requirements diverge from the FLSA standard.

FLSA requires that employers pay employees a minimum wage of at least $7.25 per hour during any work week. 29 U.S.C. § 206(a). An employer violates this section only when an employee's total weekly wage "averaged across their total time worked" falls below the required minimum wage. Adair v. City of Kirkland, 185 F.3d 1055, 1063 (9th Cir. 1999) (citing Hensley v. Macmillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986)). This minimum wage requirement is calculated by finding "the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." Hensley, 786 F.3d at 357.

As to minimum wage claims under NRS 608.016, there is no Nevada law stating whether or not the federal averaging standard in calculating minimum wages is applicable to minimum wage state law claims. However, the Nevada Supreme Court has recently held that when no Nevada law is on point regarding wage laws, courts look to federal standard for guidance. Terry v. Sapphire Gentlemen's Club, 336 P.3d 951, 957 (Nev. 2014). In Terry, the Court adopted the federal economic realities test under FLSA when no state law had yet defined a standard because "'judicial efficiency implores us to use the same test as the federal courts' under the FLSA." Id. (citation omitted); see also Rite of Passage, ATCS/ Silver State Academy v. State, Dept. of Business and Industry, Office of Labor Com'r, No. 66388, 2015 WL 9484735, at *1 (Nev. Dec. 23, 2015) (turning to federal FLSA law to determine what constitutes "work" under NRS 608.016 because Nevada law provided little guidance on the issue).

Plaintiff fails to allege sufficient facts to demonstrate plausible FLSA and state law minimum wage claims. Plaintiff in his Complaint does not provide his hourly rate of pay, or any other amount of pay over any specified period. Thus, he has not plead sufficient facts to determine whether his rate of pay fell below the minimum requirement because the formula in Hensley cannot

be applied absent this rate of pay. Further, the Court will not take judicial notice at this time of Plaintiff's declaration in Prince Citizen v. Burberry Limited et al, Case No. 2:15-CV-01289 (C.D. Cal. June 19, 2016). Even if the Court were to take judicial notice of this document, it would not establish that Plaintiff earned above the minimum requirement at all relevant times. Plaintiff in that declaration stated, "[m]y regular rate of pay was $29.43 per hour when my employment ended." He did not state this was his rate of pay throughout the entirety of his employment.

Therefore, the Court dismisses Plaintiff's Claim I under FLSA and Plaintiff's Claim II under Nevada law regarding minimum wages, for failure to state a plausible claim with leave to amend.

### *B. FLSA and State Law Overtime Claims (Claims I and II)*

Defendant argues that Plaintiff failed to allege sufficient facts to state a FLSA claim under the Landers standard. Plaintiff argues that Landers does not apply, or in the alternative, that he can meet the Landers standard if it does.

FLSA requires that an employer not employ an employee more than forty hours a week, unless the employee is compensated "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The Ninth Circuit has agreed with other circuits "that, at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." Landers v. Quality Communications, Inc., 771 F.3d 638, 645 (9th Cir. 2014) (citations omitted). Further, "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. at 645. However, this does not require an employee allege the amount of overtime compensation with "mathematical precision" or provide "detailed factual allegations regarding the number of overtime hours worked." Id. at 643. The Court in Landers stated "[w]e decline to impose a requirement that a plaintiff alleging failure to pay minimum wages or overtime wages must approximate the number of hours worked without compensation." Id. at 646. One reason being

"most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." Id. at 645.

Nonetheless, the employee must allege sufficient facts that allow a court to infer "there was at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." Id. at 646. In Landers, the plaintiffs alleged that defendant's compensation scheme deprived him of overtime wages. Id. at 645. Plaintiffs alleged that defendants used a "de facto 'piecework no overtime' system" that compensated employees based on pieces of work they performed, rather than compensating them for work that was done in excess of forty hours. Id. Plaintiff alleged the system paid some overtime but failed to do so for "piecework" that an employee completed. Id. The court ultimately held that plaintiff did not state a plausible claim under FLSA because plaintiff failed to describe a given workweek in which he worked in excess of forty hours, but was not paid overtime. Id. at 646.

Plaintiff has not plead sufficient facts under the Landers standard to state a plausible FLSA claim. Plaintiff has not alleged in his Complaint a particular week in which he worked more than forty hours and was not paid overtime wages for time worked in excess of forty hours for that week. Instead, Plaintiff simply alleges it was Defendant's policy and practice to deny earned wages, including overtime pay, to its hourly employees. Further, Plaintiff alleges that Defendant routinely substituted comp time to compensate employees, rather than paying overtime wages of time and one-half required under FLSA for time worked in excess of forty hours. Plaintiff makes almost identical allegations for work done during bonus or "incentive" pay periods. Thus, Plaintiff has made similar allegations to those in Landers by detailing Defendant's compensation policy that fails to provide overtime wages for employees who work in excess of forty hours, but doing so without alleging a particular week in which that practice took place in Plaintiff's case.

Therefore, the Court dismisses Plaintiff's Claim I under FLSA and Plaintiff's Claim II under Nevada law regarding overtime wages, for failure to state a plausible claim with leave to amend.

/ / /

/ / /

### C. *Private Right of Action Under State Law (Claims II and III)*

Defendant argues that there is no private right of action under Nevada law for overtime and continuing wage claims. Plaintiff argues that Nevada law does provide for a private right of action.

For the purposes of considering possible amendment, this Court notes that it *does* find that there is a basis under Nevada law for an employee to bring a private right of action under N.R.S. 608.140 to recover "wages earned and due according to the terms of his or her employment." N.R.S. 608.140; see Baldonado v. Wynn Las Vegas, LLC, 124 Nev. 951, 194 P.3d 96, 104 n.33 (2008) (describing N.R.S. 608.140 as providing for "civil actions *by employees* to recoup unpaid wages," and stating that "the existence of express civil remedies within the statutory framework of a given set of laws indicates that the Legislature will expressly provide for private civil remedies when it intends that such remedies exist") (emphasis added). The Court also finds that the statutes invoked in Plaintiff's Claim II may provide a basis for recovery of unpaid wages in an action brought under N.R.S. 608.140.

### D. *State Law Timely Payment of Wages Claim (Claim III)*

Defendant argues that Plaintiff's third cause of action should be dismissed because it is derivative of his first two causes of action, which are not sufficiently plead. Plaintiff argues that his first two causes of action are sufficiently plead, and therefore, he is entitled to pursue continuing wages provided under Nevada law.

Nevada law provides that when an employer discharges an employee without first paying any wages due, the employee is entitled to "the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment . . . [,] each of the employees may charge and collect wages in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor[.]" N.R.S. 608.050. Further if an employer fails to pay wages owed to an employee within three days after the wages become due to a discharged employee or on the day wages become due to an employee who resigns or quits, "the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less." N.R.S. 608.040.

The continuing wages Plaintiff alleges are due under N.R.S. 608.040 and N.R.S. 608.050 derive from him being owed overtime and minimum wage compensation from his Claim I and Claim II. Because Claim III derives from Plaintiff's FLSA and state law minimum wage and overtime claims that the Court is dismissing with leave to amend, the Court also dismisses Plaintiff's third claim with leave to amend.

V.   **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Claims I, II, and III are dismissed with leave to amend.

**DATED** this 3rd of April, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**