Paul S. Padda, Esq. (NV Bar No: 1782)
Email: paul@paulpaddalaw.com
Paul Padda Law
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Jonathan Ricasa (pro hac vice)
(Bar No: 223550)
Email: jricasa@ricasalaw.com
Law Office of Jonathan Ricasa
15760 Ventura Boulevard, Suite 700
Encino, California 91436
Tele: (818) 650-8077
Fax: (818) 301-5151

Attorneys for Plaintiff Brett Nye

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brett Nye, individually and on behalf of all other similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Burberry Limited, and Doe One through and including Doe Ten,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-00702-JAD-DJA<br><br>**NOTICE AND ORDER GRANTING FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT, ATTORNEY'S FEES AND SERVICE AWARD, AND CLOSING CASE**<br><br>ECF No. 91 |

Plaintiff brought Fair Labor Standards Act ("FLSA") and Nevada state law claims for alleged minimum-wage, overtime, and timely payment of wages violations on behalf of himself and similarly situated employees who worked at the Burberry store located at the Forum Shops at Caesars in Las Vegas, Nevada. The parties reached a settlement in August 2020 as a result of a private mediation. ECF No. 84–2 ¶ 16. Judge Boulware preliminarily approved the collective and class settlement, ECF No. 85, the notices were sent, and the Motion for Final Approval of Collective and Class Action Settlement, Attorney's Fees and Service Award ("Final Approval Motion"), ECF No. 91, was heard on November 4, 2022. No opposition to the Final Approval Motion was filed or voiced.

Having fully reviewed the Final Approval Motion, the supporting Memorandum of Points and Authorities, and the supporting declarations, **I HEREBY MAKE THE FOLLOWING FINDINGS, CONCLUSIONS, AND ORDERS**:

1. This Order Granting Final Approval of Collective and Class Action Settlement, Attorney's Fees and Service Award ("Final Approval Order") incorporates the Settlement Agreement and Release filed in this action on August 11, 2021 ("Settlement"). ECF No. 84–3.

2. All terms used in the Settlement Agreement and Release shall have the same meaning as defined therein.

3. Consistent with the definitions provided in the Settlement Agreement and Release, the Settlement Class includes: (a) an FLSA Class defined as all current and former non-exempt, hourly sales and sales support employees who worked at the Burberry store located at the Forum Shops at Caesars in Las Vegas, Nevada, from March 30, **2013,** through March 8, 2022; and (b) a Nevada Class defined as all current and former non-exempt, hourly sales and sales support employees who worked at the Burberry store located at the Forum Shops at Caesars in Las Vegas, Nevada, from March 30, **2014,** through March 8, 2022.

4. Distribution of the Collective / Class Action Notice to the Settlement Class, as set forth in the Settlement Agreement and Release, has been completed, including

individual notice to all Settlement Class members who could be identified through reasonable efforts, and the best notice practicable under the circumstances. The Collective / Class Action Notice provided due and adequate notice of the proceedings, including the proposed Settlement and, therefore, fully satisfied the requirements of all applicable federal and state laws and the United States Constitution. The Collective / Class Action Notice also provided due and adequate notice to Settlement Class members of their right to exclude themselves from the Settlement, as well as their right to object to any aspect of the proposed Settlement.

5. No Settlement Class member (indeed, no one at all) filed an objection to the proposed Settlement, and no Settlement Class member appeared at the noticed Final Approval Hearing to object to the Settlement. No Settlement Class member submitted requests to be excluded from the Settlement. The Participating Class therefore includes all 81 individuals who were sent a notice.

6. The proposed Settlement Class meets the requirements for final certification as a collective action under 29 U.S.C. § 216(b) and as a class under Rule 23 of the Federal Rules of Civil Procedure, for the purposes of settlement only.

7. I conclude that the Settlement is fair, reasonable, and adequate to the class. The proposed Maximum Settlement Amount of $260,000.00 is fair and reasonable to the Settlement Class members.

8. Accordingly, good cause appearing, Plaintiff's Motion for Final Approval of Collective and Class Action Settlement, Attorney's Fees and Service Award [ECF No. 91] is hereby GRANTED, the Settlement Class is hereby certified as a collective and class for settlement purposes only, and the collective and class action Settlement (as reflected in the Settlement Agreement and Release) is deemed to be in good faith, fair, reasonable, and adequate.

9. The Court determines that all FLSA Class Members who cash, deposit, or endorse their individual settlement payment check will be deemed to have opted into the Action under the Fair Labor Standards Act and to have thereby released any and all

FLSA Class Member Released Claims that arise under the Fair Labor Standards Act.

10. The Court determines that all Nevada Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator, including the Named Plaintiff, shall be deemed and hereby are deemed to have fully, finally, and forever released Burberry from all Nevada Class Member Released Claims.

11. The Court determines that the Named Plaintiff shall be deemed to have fully, finally, and forever released Burberry from the Named Plaintiff Released Claims.

12. I confirm the appointment of Jonathan Ricasa, Briana Kim, and Paul Padda as Class Counsel for the Settlement Class, and find that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. In their motion, Class Counsel requests an award of attorney's fees in the aggregate sum of $91,000.00 and costs and expenses in the aggregate sum of $14,026.25, in accordance with the express terms of the Settlement Agreement and Release permitting Plaintiff to apply for an award of attorney's fees and costs. The payment of fees and costs to Class Counsel shall be made from the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement and Release. Based on the terms of the Settlement and the authorities, evidence, and argument set forth in Class Counsel's motion, I hereby GRANT an award of attorney's fees to Class Counsel in the amount of $91,000.00 and costs and expenses to Class Counsel in the amount of $14,026.25 as final payment for and complete satisfaction of any and all attorney's fees and costs incurred by Plaintiff, Settlement Class members and/or owed to Class Counsel.

13. I also approve and order payment of a Service Enhancement to the Named Plaintiff for his services as class representative and as consideration for providing a release to Defendant in accordance with the Settlement Agreement and Release, in the amount of $7,500.00. Payment of this Named Plaintiff Service Enhancement must be made from the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement and Release.

14. I also approve and order payment of Settlement Administration Expenses to the Phoenix Settlement Administrators for its services as Settlement Administrator, in the amount of $3,500.00. Payment of these Settlement Administration Expenses must be made from the Maximum Settlement Amount in accordance with the terms of the Settlement Agreement and Release.

15. Neither the settlement, nor any terms set forth in the Settlement Agreement and Release, are an admission of liability or any wrongdoing by Defendant Burberry Limited, nor is the Court's Final Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant Burberry Limited.

16. This Final Approval Order is intended to be a final disposition of the Action in its entirety.

17. The Court will retain jurisdiction over the Parties to enforce the settlement until performance in full of the terms of the Settlement Agreement and Release.

18. Notice of entry of this Final Approval Order shall be given to the Participating Class Members by posting a copy of the Final Approval Order on Phoenix Settlement Administrator's website for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order. Individualized notice is not required.

## ORDER

Based on the findings and conclusions above, IT IS HEREBY ORDERED that the Motion for Final Approval of Collective and Class Action Settlement, Attorney's Fees and Service Award **[ECF No. 91] is GRANTED**;

The Settlement Administrator is hereby ORDERED to proceed with final calculation and distribution of the Individual Settlement Amounts to Participating Class Members consistent with the Settlement Agreement and Release and this Final Approval Order;

IT IS FURTHER ORDERED that **THIS CASE IS DISMISSED WITH**

**PREJUDICE**, and the Clerk of Court is directed to **CLOSE THIS CASE.**

**SO ORDERED.**

Dated: __12-7-2022__

_____
UNITED STATES DISTRICT JUDGE